IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00181-MR

| | |
|---|---|
| JOSEPH HASTINGS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KILOLO KIJAKAZI,[1] Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

## I. PROCEDURAL HISTORY

The Plaintiff, Joseph Hastings ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of October 28, 2017. [Transcript ("T.") at 20]. The Plaintiff's application was denied initially on May 3, 2019, and upon reconsideration on July 5, 2019. [Id.]. Upon Plaintiff's request, a hearing

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

was held on March 2, 2020, before an Administrative Law Judge ("ALJ"). [Id.]. On March 25, 2020, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of October 28, 2017. [Id. at 31-32]. The Appeals Council denied the Plaintiff's request for review on September 28, 2020, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

2

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

3

42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must

4

assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled

5

to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fourth and fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since October 28, 2017, the alleged onset date, and that the Plaintiff meets the insured status requirements through December 31, 2022. [T. at 22]. At step two, the ALJ found that the Plaintiff has severe impairments, including: gout, hypertension, arthritis, and obesity. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 23]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except the claimant can perform occasional crawling and climbing of ramps and stairs, but never climbing ladders, ropes, or scaffolds. The claimant can perform frequent but not constant pushing and pulling with the upper and lower extremities. The claimant can perform frequent but not constant handling and fingering with the left upper extremity. The claimant can perform frequent but not constant overhead reaching with the right upper extremity. The claimant should have no more than frequent exposure to workplace hazards, such as unprotected heights and dangerous moving machinery.

[Id. at 24].

At step four, the ALJ identified the Plaintiff's past relevant work as a parts manager and operations manager. [Id. at 29]. The ALJ determined that, based on the Plaintiff's RFC, he was capable of performing his past work. [Id.]. Alternatively, at step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, he is capable of performing other jobs that exist in significant numbers in the national economy, including: material clerk, sorter packer, and parts salesman. [Id. at 30-31]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from June 28, 2018, the alleged onset date, through March 25, 2020, the date of the ALJ's decision. [Id. at 32].

## V. DISCUSSION[2]

As one of his assignments of error, the Plaintiff argues that the ALJ failed to make a function-by-function analysis before assessing his residual functional capacity. [Doc. 12 at 7]. The Defendant, on the other hand, argues that the ALJ correctly performed the function-by-function analysis. [Doc. 14 at 6].

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

RFC is an administrative assessment by the Commissioner of what a claimant can still do despite his or her physical or mental limitations. SSR 96–8p, 1996 WL 374184, at *1 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.943(c). In assessing a claimant's RFC, the ALJ must consider all of the claimant's medically determinable impairments, including those non-severe impairments, after considering all of the relevant evidence in the record. 20 C.F.R. § 404.1545(a). In determining a claimant's RFC, the ALJ must first identify the claimant's functional limitations or restrictions and then assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p, 1996 WL 374184, at *1. The ALJ also must include a narrative discussion detailing how the evidence in the record supports the RFC assessment. Id., 1996 WL 374184, at *7.

In the RFC assessment in this case, the ALJ found the Plaintiff can perform "light work," as defined in 20 C.F.R. § 404.1567(b), with some additional limitations. [T. at 24]. The Social Security Administration has clarified that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10. In this case, the ALJ did not explain why she concluded that the Plaintiff, despite his functional limitations, was nonetheless able to stand for the period of time required for light work.

In formulating the Plaintiff's RFC, the ALJ recounted the opinions of Dr. Ann Williams and Dr. Frank Virgili. [T. at 28]. The ALJ stated:

> Dr. Williams and Dr. Virgili both indicated that the claimant could lift as much as twenty pounds occasionally and ten pounds frequently. (2A; 3A). These findings are consistent with the demands of light exertion. However, Dr. Williams and Dr. Virgili opined that the claimant was limited to standing or walking for four hours in an eight-hour workday and sitting for six hours in an eight-hour workday. (2A; 3A). This does not precisely match the criteria for light or sedentary exertion, but falls somewhere in between.

[Id.]. The ALJ does not give any explanation as to why she disregarded the opinion that the Plaintiff could stand for only four hours a day and instead concluded he could stand for six hours a day.

Moreover, the opinions of Dr. Williams and Dr. Virgili are the *only* pieces of evidence the ALJ opinion discusses relative to the Plaintiff's ability to stand for extended periods during the workday. While the Commissioner's brief argues that Exhibit 13F, the examination report of Dr. Burgess, is sufficient support for the ALJ's RFC determination, the ALJ did not cite or discuss Dr. Burgess's examination as evidence of the Plaintiff's ability to stand for six hours. [Doc. 14 at 8]. The Court's review is limited to the reasons articulated by the ALJ. See Patterson v. Bowen, 839 F.2d 221, 225 n.1 (4th Cir.1988) ("We must ... affirm the ALJ's decision only upon the reasons he

9

gave."); Rivers v. Astrue, No. 4:11–01386–TER, 2012 WL 2590498, at *5 (D.S.C. Jul. 5, 2012) ("[T]he ALJ, not the Commissioner, must explain why a treating physician's opinion is discounted or rejected. By the Commissioner setting forth the reasons, it is a post-hoc rationalization, which the Court cannot consider.").

The ALJ's opinion is lacking in the analysis needed for meaningful review. The ALJ failed to cite record evidence that supports her determination that the Plaintiff could perform the standing requirements of light work without additional functional limitations and failed to explain her conclusions. A reviewing court cannot be "left to guess about how the ALJ arrived at her conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637. It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports [her] decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citation omitted).

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. Upon remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's exertional and non-exertional limitations, narratively discussing all of the relevant evidence, and specifically explaining how she reconciled that evidence to her conclusions.

In light of this decision, the Plaintiff's other assignments of error need not be addressed at this time but may be addressed by him on remand.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 13] is **DENIED**, and the Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] is **GRANTED**. Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 22, 2022

Martin Reidinger
Chief United States District Judge